HEANEY, Circuit Judge,
concurring.
I concur in the result the majority reaches, but write separately to advance an alternative reason for affirming the district court’s dismissal of Clayton Ris-trom’s discrimination claim. I believe Ristrom’s repeated absences from the training program and his apprenticeship jobs, in addition to his failing grades, were a legitimate, nondiseriminatory basis for his termination from the apprenticeship program. See Price v. S-B Power Tool, 75 F.3d 362, 365-66 (8th Cir.1996) (finding a violation of the employer’s attendance policy as a valid, nondiscriminatory, reason for firing the plaintiff). It is on this ground that I would affirm the district court’s grant of summary judgment in favor of the Joint Apprenticeship Committee (JAC). Anderson v. Larson, 327 F.3d 762, 767 (8th Cir.2003) (stating that a district court’s grant of summary judgment can be affirmed by relying on any justification that the record supports).
I view the record regarding Ristrom’s learning disability differently than the majority. The majority emphasizes Ristrom’s completion of the first two years of the program, in addition to his high school graduation, as evidence ¡ that he was not substantially limited in his ability to learn. Ristrom could have mastered the two years of course work, however, and still suffered from a disability that prevented him from mastering later course work. His early success in the program should not in any way absolve the JAC—or any similarly situated employer—of its obligation to accommodate Ristrom once his learning disability became an obstacle, nor should his graduation from high school be viewed as an indication that Ristrom never suffered from a learning disability. Such accomplishments do not mean that the disability did not affect his life in a significant manner or greatly impact his capacity to learn. Toyota[3] does not stand for the broad proposition that one’s life must come to a standstill in order to satisfy the ADA’s definition of disability.
In his affidavit, Ristrom attests to the many difficulties he had in school: flunking first grade, being placed in special education classes, and having to receive special tutoring in his math classes. In *774 the school setting, where he was supported, he was able to graduate; that does not mean, however, that he was not learning disabled. In fact, when viewed in the light most favorable to him, Ristrom’s affidavit shows evidence of a learning disability beginning at a young age, requiring accommodation in order for him to function in an academic setting similar to that of the training program. See Davidson v. Midelfort Clinic, Ltd., 133 F.3d 499, 509-10 (7th Cir.1998) (finding that the plaintiff successfully raised an issue of fact as to whether her experiences with Attention Deficit Disorder constituted a record of impairment when she had testified to her difficulties in school).
In this case, however, Ristrom regularly missed scheduled classes without a sufficient explanation that his disability was the cause of those absences. Ristrom has not proven that the JAC terminated him for any reason other than his absences and failing grades. For this reason, I concur in the result reached by the majority.

. Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 197, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002).